Paul B. Dusek County Attorney Warren County Warren County Municipal Center
1340 State Route 9 Lake George, NY 12845
Dear Mr. Dusek:
You have asked whether the County may authorize the county planning department to review proposed zoning and planning actions referred by a municipal body pursuant to sections 239-l, 239-m, and239-n of the General Municipal Law, or whether such review must instead be performed by the county planning board. As explained below, we believe that the County may by local law assign this statutory review responsibility to its planning department rather than to the planning board.
Sections 239-1, 239-m, and 239-n provide for the coordination of certain municipal zoning and planning actions. In counties that have a county planning agency, specified proposed actions must be referred by the city, town, or village body that is responsible for final action to the county planning agency before taking final action if the proposed action will apply to real property within 500 feet of a boundary of another jurisdiction. General Municipal Law §§ 239-m, 239-n. The county planning agency reviews the proposed action for inter-community or countywide considerations and makes a recommendation with respect to the proposal.Id. §§ 239-m(4), 239-n(4). The county planning agency may recommend approval, modification, or disapproval of the proposed action or report that the proposed action has no significant countywide or inter-community impact. Id. If the county planning agency recommends modification or disapproval of a proposed action, the referring municipal body cannot act contrary to that recommendation except by a vote of a majority plus one of all of its members. Id. §§ 239-m(5), 239-n(5). The question, then, is whether the county planning department can qualify as a county planning agency within the meaning of the relevant statutes.
A county planning agency is defined as "a county planning board, commission or other agency authorized by the county legislative body to review proposed actions referenced for intercommunity or county-wide considerations" subject to the provisions of General Municipal Law §§ 239-l, 239-m, and 239-n. *Page 2 
General Municipal Law § 239-l(1)(a). Thus, while a county planning board is one of the entities that may be authorized to perform such reviews, the statute makes clear that it is not the only such entity. Nothing in the language of section 239-1(1)(a) excludes the planning department from the list of entities that might be authorized by the County to perform these reviews.
Nor does the fact that the County has established a planning board preclude it from assigning the review function to its planning department rather than to the board. County Law § 220, enacted in 1950, authorizes the county legislature to establish a "county planning board" pursuant to section 239-c of the General Municipal Law. Section 239-c authorizes the county legislature to grant a number of responsibilities to the county planning board, including but not limited to the review functions at issue here. But the county legislature is free to pick and choose those functions it wishes to assign to the board; section 239-c authorizes, but does not require, the assignment of each of the enumerated functions. The functions that may by statute be assigned to board include assisting in the preparation and amendment of a county comprehensive plan; preparing and amending a county official map; undertaking studies relevant to the future growth, development, and protection of the county and the municipalities therein; assisting municipalities within the county with local studies; collecting and distributing information relevant to planning and zoning within the county; furnishing local technical assistance to municipalities within the county; and reviewing state and county highway construction plans. General Municipal Law § 239-c(3). Thus, assigning the review functions elsewhere would by no means leave the planning board without responsibilities.
Finally, we are of the opinion that the home rule powers of the County provide it with the authority to determine which agency should have responsibility for review of zoning and planning matters referred to the County by municipal bodies within the county. In 1963, the state Constitution was amended and the Municipal Home Rule Law was enacted to grant local governments, including counties, the authority to adopt local laws that govern certain areas. Pursuant to this authority, a county is authorized to adopt local laws relating to its property, affairs, or government that are not inconsistent with the provisions of the Constitution or with any general law. N.Y. Const. Art. IX, § 2(c); Municipal Home Rule Law § 10(1)(i). A county is also authorized to adopt local laws relating to the powers and duties of its officers and employees that are not inconsistent with the provisions of the Constitution or with any general law, except to the extent that the Legislature restricts the adoption of such a local law relating to other than the property, affairs, or government of the county. N.Y. Const. Art. IX, § 2(c)(1); Municipal Home Rule Law § 10(1)(ii)(a)(1).
We are of the opinion that these home rule powers authorize the County to adopt a local law granting to the county planning department responsibility for review of zoning and planning matters referred by municipal referring bodies within the county. Such a local law would relate to the County's government as well as to the powers and duties of its officers and employees. And, as demonstrated above, it would be consistent with County Law § 220 and the relevant provisions of the General Municipal Law. *Page 3 
Finally, we do not believe a contrary conclusion is required by 1974 Op. Att'y Gen. (Inf.) 188, in which we opined that the powers of a county planning board could not be assigned to the county planning director. Your question is not whether all the powers of the planning board can be transferred from the board to another entity, the question we considered in 1974. While a transfer of all functions of the planning board might not have been permissible, we believe that a transfer of this one function is. Accordingly, we conclude that the authority to review proposed municipal actions specified under sections 239-l, 239-m, and 239-n may be assigned to the county planning department.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions
 *Page 1